

# The Attorney General of Texas

December 31, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Gary E. Miller, M.D.
Commissioner
Texas Department of Mental Health
   and Mental Retardation
P. O. Box 12668
Austin, Texas   78711

Opinion No. MW-555

Re:  Licensing of audiologists
under article 4566, V.T.C.S.

Dear Dr. Miller:

You have requested our opinion on the following two questions concerning article 4566, V.T.C.S.:

> 1. Does article 4566 require that an audiologist with a master's or doctorate degree be licensed by the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids?
>
> 2. If an individual with a master's or doctorate degree in audiology is not licensed by the Board of Examiners in the Fitting and Dispensing of Hearing Aids, may he/she make impressions for earmolds to be used as a part of the hearing aid?

To answer your questions, we must analyze several provisions of article 4566. Paragraph (a) of article 4566-1.06, V.T.C.S., states:

> Every person desiring to engage in <u>fitting and dispensing hearing aids</u> in the State of Texas shall be required to pass an examination given by the Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids. (Emphasis added).

Paragraph (e) of the same statute provides in part:

> Every applicant successfully passing the examination and meeting all the requirements of this Act shall be registered by the Board as possessing the qualifications required by this Act and shall receive from the Board <u>a license to fit and dispense hearing aids</u> in this state. (Emphasis added).

Article 4566-1.01(f) defines "[f]itting and [d]ispensing hearing aids" as:

> the measurement of human hearing by the use of an audiometer or by any means for the purpose of making selections, adaptations and/or sales of hearing aids. The term also includes the sale of hearing aids, and the making of impressions for earmolds to be used as a part of the hearing aid.

Article 4566-1.19 provides:

> Nothing in this Act shall be construed to apply to the following:
>
> ....
>
> (3) An individual with a master's or doctorate degree in audiology from an accredited college or university may engage in the measurement of human hearing by the use of an audiometer or by any means for the purpose of making selections and adaptations of or recommendations for a hearing aid, provided such persons do not sell hearing aids.

When the foregoing provisions are read together, the following becomes apparent: (1) as a general rule, anyone who desires to engage in "fitting and dispensing hearing aids" in this state must pass an examination given by the Board of Examiners as a prerequisite to becoming licensed by the board to do so; (2) the term "fitting and dispensing hearing aids" includes those specific functions enumerated in article 4566-1.01(f); (3) the examination and licensing requirements of article 4566 do not apply to individuals with a master's or doctorate degree in audiology who perform those functions enumerated in article 4566-1.19(3); and (4) the functions enumerated in article 4566-1.19(3) do not include all those functions enumerated in article 4566-1.01(f).

In Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 540 (Tex. 1981), the Texas Supreme Court stated:

> It is a rule of statutory construction that every word of a statute must be presumed to have been used for a purpose... Likewise, we believe that <u>every word excluded from a statute must also be presumed to have been excluded for a purpose.</u> Only when it is necessary to give effect to the clear legislative intent can we insert additional

        words or requirements to a statutory provision....
        (Emphasis added).

     This rule makes it clear that we cannot ignore the significant
difference in the wording of articles 4566-1.01(f) and 4566-1.19(3).
The former article includes functions which are simply not included in
the latter.  Specifically, the former defines "fitting and dispensing
hearing aids" to include, inter alia, "the making of impressions for
earmolds to be used as a part of the hearing aid," whereas the latter
does not include this phrase.  We can only conclude that the
legislature omitted this phrase from article 4566-1.19(3) because it
did not want to authorize individuals with a master's or doctorate
degree in audiology to make such impressions without a license.

     It has been suggested that the proviso in article 4566-1.19(3)
indicates that the legislature really intended to permit individuals
with a master's or doctorate degree in audiology to perform any of the
functions included in the definition of "fitting and dispensing
hearing aids" without a license, as long as they do not sell hearing
aids.  In other words, it has been suggested that the list of
functions which precedes the proviso in article 4566-1.19(3) is not
exhaustive, that the proviso is actually the key phrase in the
statute, and, therefore, that individuals with a master's or doctorate
degree must obtain a license only if they sell hearing aids.

     We cannot accept this argument.  In our opinion, the argument
places too much emphasis upon a proviso and not enough upon the fact
that article 4566-1.19(3) specifically omits one of the functions
included in the definition of "fitting and dispensing hearing aids"
set forth in article 4566-1.01(f).  While it is of course possible
that the proviso was put in article 4566-1.19(3) to indicate that
selling hearing aids is the only function which individuals with a
master's or doctorate degree may not perform without a license, it is
also possible that it was added to the statute to clarify the fact
that persons with those degrees may "engage in the measurement of
human hearing by the use of an audiometer or by any means for the
purpose of making selections and adaptations of or recommendations for
a hearing aid" only if they do not sell hearing aids.  In short, we
believe that the fact that article 4566-1.19(3) omits any reference to
making impressions for earmolds to be used as a part of the hearing
aid is far more significant than the fact that the proviso therein
refers only to selling hearing aids.

     We therefore conclude, in answer to both of your questions, that
individuals with a master's or doctorate degree in audiology from an
accredited college or university are not exempt from the provisions of
article 4566 if they sell hearing aids or make impressions for
earmolds to be used as a part of the hearing aid.

## S U M M A R Y

Individuals with a master's or doctorate degree in audiology from an accredited college or university are not exempt from the provisions of article 4566, V.T.C.S., if they sell hearing aids or make impressions for earmolds to be used as a part of the hearing aid.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible and
Stan Reid
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Jim Moellinger
Stan Reid